UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RPM FREIGHT SYSTEMS, LLC,

      Plaintiff,

v.

WESCO INSURANCE CO.,

      Defendant.
_____/

Civil Case No. 21-11882
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING BEAZLEY FURLONGE LTD'S MOTION TO INTERVENE (ECF NO. 12)

Plaintiff filed this breach of contract and declaratory judgment action against Defendant on August 13, 2021. (ECF No. 1.) Plaintiff, RPM Freight Systems, LLC ("RPM"), is a freight broker that arranges freight and finished vehicle transportation. RPM purchased insurance policies from Defendant Wesco Insurance Company ("Wesco"). RPM seeks indemnification from Wesco for an accident and the corresponding wrongful death action filed in the Federal District Court for the Eastern District of Arkansas.[1] The accident involved a tractor-trailer transporting a load of motor vehicles that RPM brokered.

---

[1] *Armis Advisers, LLC, et al. v. Bunyod Kushnazarov, et al.*, Case No. 2:19-cv-143 (E.D. Ark. 2019).

Presently before the Court is Beazley Furlonge LTD's "Unopposed Motion to Intervene" under Federal Rule of Civil Procedure 24. (ECF No. 12.) Beazley Furlonge LTD ("Beazley") also insured RPM in a separate insurance policy covering RPM's liability to third parties arising out of its logistics operations. (ECF No. 12 at Pg ID 79.) Beazley asserts that it has a "right to seek recovery from Wesco for amounts paid by Beazley, but which Wesco should have paid, had Wesco not breached its obligations to their mutual insured." (*Id*. at Pg ID 75.) Beazley also asserts that its "claims for equitable contribution and equitable subrogation derive from the same breach of Wesco's obligations to RPM, and involve largely identical issues of law and fact . . .." (*Id*.)

Beazley conferred with RPM and Wesco regarding this motion, and both RPM and Wesco consented to Beazley's intervention. (*Id*. at Pg ID 75.) Neither RPM nor Wesco filed a response to the motion. Beazley requests that the Court grant the motion as a matter of right, or alternatively, by permission. (*Id*.) Having reviewed the motion and the record, the Court finds that Beazley is entitled to intervene in this action.

Federal Rule of Civil Procedure 24(a) provides that a court must permit intervention by anyone who has been given an unconditional right to intervene by a federal statute. Rule 24(a) provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24. A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The Sixth Circuit interprets Rule 24(a) as setting forth four elements that must be satisfied before intervention as of right will be granted:

> (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997)); *see also Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999)). "Failure to meet any one of the four criteria will require that the motion to intervene be denied." *Stupak-Thrall*, 226 F.3d at 471 (brackets omitted) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)); *see also Blount-Hill v. Zelman*, 636 F.3d 278, 283

3

(6th Cir. 2011) (providing that "[e]ach of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule.").

Beazley first asserts that intervention is timely because "Beazley's claims for contribution from Wesco did not ripen until December 2021, when Beazley contributed to the settlement of the [u]nderlying [l]itigation." (ECF No. 12 at Pg ID 80.) Further, Beazley asserts that litigation is in its early stages without any substantive adjudication and discovery still ongoing. (*Id*.) The determination of whether a motion to intervene is timely "should be evaluated in the context of all relevant circumstances." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). The Sixth Circuit has identified several factors relevant to the court's evaluation:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Id*. The Court agrees that the motion is timely because Beazley moved to intervene a month after its claim against Wesco became ripe, and discovery is still ongoing.

4

Next, Beazley argues that it has a substantial interest in the case based on its "right to reimbursement for defense and indemnity payments for which Wesco is properly liable." (ECF No. 12 at Pg ID 81.) The Court agrees that Beazley has a substantial interest in its claims against Wesco for contractual and equitable subrogation and equitable contribution.

Beazley argues regarding the third prong that there will be impairment of its ability to protect this substantial interest in the absence of intervention. (*Id.*) An adverse outcome, namely a declaration that Wesco policies do not afford coverage to RPM, would have a preclusive effect. To satisfy Rule 24(a)'s third requirement, the would-be intervenor's "burden is minimal" in that it need only show "that impairment of its substantial legal interest is possible if intervention is denied[.]" *Michigan State AFL-CIO*, 103 F.3d at 1247. Beazley has met the minimal burden as an adverse outcome would substantially limit its chances of recovery against Wesco in a separate lawsuit.

Lastly, Beazley argues that while RPM's interest is aligned with their interest, only Beazley "has an interest in adjudicating issues regarding the interplay between the Beazley and Wesco policies, and Beazley's related rights to indemnification." (*Id*. at Pg ID 81-82.) The Sixth Circuit also has described as "minimal" the moving party's burden to satisfy the final requirement-- that the existing parties do not adequately protect its interest in the action. *Michigan State*

5

*AFL-CIO*, 103 F.3d at 1247 (quoting *Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir.1992) (explaining that, "[a]lthough a would-be intervenor is said to shoulder the burden with respect to establishing that its interest is not adequately protected by the existing parties to the action, this burden 'is minimal because it is sufficient that the movant prove that representation *may* be inadequate.") (emphasis added)).

In other words, the party seeking intervention "is not required to show that the representation *will in fact be* inadequate." *Id*. (emphasis added). For example, it may be enough to show that the movant and existing party have inconsistent interests in the litigation, *Linton*, 973 F.3d at 1319, or that the existing party "will not make all of the prospective intervenor's arguments." *Michigan State AFL0-CIO*, 103 F.3d at 1247. The Sixth Circuit recognizes that a presumption of adequacy of representation arises "when the proposed intervenor and a party to the suit . . . have the same ultimate objective." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (quoting *Wade v. Goldschmidt*, 673 F.2d 182, 186 n. 7 (7th Cir.1982) (per curiam)); *see also United States v. Michigan*, 424 F.3d 438, 444 (6th Cir. 2005) (indicating that "applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit" and holding that the movants failed to overcome the presumption). Here, RPM and Beazley do not have the same

6

ultimate objective. RPM seeks recovery from Wesco with claims of damages for alleged breach of contract. Beazley seeks recovery from Wesco for amounts already paid under the theories of subrogation and contribution. The Court, therefore, finds that Beazley is entitled to intervene as a matter of right.

Beazley requests in the alternative that the Court allow permissive intervention under Federal Rule of Civil Procedure 24(b). As the Court has found that Beazley can intervene as a matter of right, the Court need not discuss this alternative.

Accordingly,

**IT IS ORDERED**, that Beazley's motion to intervene (ECF No. 12) is **GRANTED**.

**IT IS SO ORDERED.**

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: April 13, 2022